```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

**VS.**                                           **CRIMINAL NO. 3:06-cr-80-WHB**

**MONQUEEON McNAIR**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Monqueeon McNair ("McNair") for Re-sentencing Pursuant to 18 U.S.C. § 3582(c)(2). As McNair is proceeding on this Motion *pro se*, his pleading has been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

On August 31, 2006, McNair pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). McNair was sentenced to a 195-month term of imprisonment, to be followed by 3 years of supervised release, and was ordered to pay a special assessment in the amount of $200. McNair has now moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on changes to U.S.S.G. §§ 4A1.1 and 4A1.2, which govern the manner in which a defendant's criminal history is calculated.

>Under 18 U.S.C. § 3582:
>
>The court may not modify a term of imprisonment once it has been imposed except that –
>
> ....
>
>in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

18 U.S.C. § 3582(c)(2) (emphasis added). The policy statement of the Sentencing Commission is found at U.S.S.G. § 1B1.10, which provides, in relevant part:

>(a)(1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
>(A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
>(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> ....

2

>   (c) Covered Amendments. – Amendments covered by this
>   policy statement are listed in Appendix C as follows:
>   126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433,
>   454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599,
>   606, 657, 702, 706 as amended by 711, and 715.

U.S.S.G. § 1B1.10(a) & (c).

Under U.S.S.G. § 1B1.1(a)(2), the Court cannot reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) unless one of the amendments identified in subsection (c) of that Guideline is applicable.  In this case, McNair seeks a reduction of his sentence based on changes that were made to U.S.S.G. §§ 4A1.1 and 4A1.2.  The changes cited by McNair were incorporated into the Sentencing Guidelines through Amendment 709.  As Amendment 709 is not one of the amendments identified in U.S.S.G. 1B1.10(c), the Court finds that a reduction in McNair's sentence based on that Amendment would be inconsistent with the policy statement of the Sentencing Commission and, therefore, impermissible under 18 U.S.C. § 3582(c)(2).

For the foregoing reason:

IT IS THEREFORE ORDERED that the Defendant's Motion for Re-sentencing Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 16] is hereby denied.

SO ORDERED this the 25th day of June, 2008.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE